IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

      v.

RICHARD MATTI, KAYLENE BETANCOURT,
LT. NERISON AND RYAN BLOUNT,

                Defendants.

OPINION AND ORDER

21-cv-727-slc

---

Pro se plaintiff Demetrius Cooper, who is incarcerated at the Wisconsin Secure Program Facility (WSPF), has filed a proposed complaint and a proposed amended complaint under 42 U.S.C. § 1983, alleging that prison staff at WSPF and the Columbia Correctional Institution violated his rights under the First and Eighth Amendments by using excessive force against him on two different occasions and retaliating against him when he threatened to complain. Dkt. 1, 8. I will consider Cooper's proposed amended complaint to be the operative pleading in this case and screen it under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Also before the court is Cooper's motion for reconsideration of the court's November 17, 2021 order denying his request to use his release account funds to pay the full filing fee in his case,[1] dkt. 16, and his motion to preserve video evidence, dkt. 7.

Having reviewed Cooper's amended complaint, I conclude that it violates Rule 20 of the Federal Rules of Civil Procedure, which prohibits litigants from bringing unrelated claims against different defendants in a single action. As discussed below, Cooper's amended complaint

---

[1] In the November 2021 order, Magistrate Judge Peter Oppeneer determined that Cooper did not qualify for indigent status and must prepay the $402 filing fee in full.

contains allegations that belong in two separate lawsuits.  I will give Cooper an opportunity to choose which of his claims he wishes to pursue in this case, and of his claims he wants to pursue in a different case, wishes to dismiss without prejudice to refiling them later.  After Cooper files a response, then I will determine whether he may proceed with any of his claims.

I am denying without prejudice Cooper's motion to preserve evidence.  Cooper can renew this motion if I allow him to proceed on any of his claims.  Finally, I am denying Cooper's motion for reconsideration.

## OPINION

A lawsuit may be severed when it includes unrelated claims against different defendants. Fed. R. Civ. P. 20; *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991); *Goodvine v. Meisner*, 608 F. App'x 415, 417 (7th Cir. 2015).  Even when the claims are related, the court has the ability under both Rule 21 and the court's inherent authority to split apart a lawsuit when it would be unwieldy to allow a plaintiff to bring multiple claims against many different defendants in a single case.  *Lee*, 635 F.3d at 971 (court may sever claims under Rule 21 when differences between the claims predominate over common questions); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004) (court has inherent authority to sever claims in interest of justice even when standard under Rule 21 is not satisfied).

Cooper's complaint includes allegations about two separate incidents—one in 2019, the other in 2021—in which correctional officers at two different prisons used excessive force against him, and in one case, retaliated against him when he threatened to file a complaint.  Even though all of Cooper's allegations relate to excessive force and even though he was only

2

temporarily housed at Columbia Correctional Institution when the 2021 incident, allegedly occurred, Cooper's allegations relate to different incidents that occurred at different times and involved different staff members. Therefore, I conclude that Cooper's allegations should be severed into two lawsuits under Rule 20, Rule 21, and the court's inherent authority. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes.").

Here are the two lawsuits:

> **Lawsuit No. 1: Eighth Amendment claim against defendant Richard Matti**. On September 15, 2019, Cooper told Matti at WSPF that he wanted to be returned to segregation because he no longer wanted to be housed on the Delta Unit where he was being subjected to Matti's racial comments. Matti began yelling at Cooper and sprayed Cooper in the face with mace even though Cooper did nothing to provoke Matti. Matti then lied about the incident in a conduct report, which was later partially dismissed based on video footage that contradicted Matti's version of events.

> **Lawsuit No. 2: Eighth Amendment claims against defendants Kaylene Betancourt, Lt. Nerison, and Ryan Blount and First Amendment retaliation claim against Betancourt.** On April 13, 2021, while Cooper was temporarily housed at Columbia Correctional Institution during his hunger strike, Betancourt grabbed Cooper's head and banged it against a concrete wall while he was being restrained by Nerison and other staff. Betancourt walked away briefly but returned to bang Cooper's head against the wall a second time. Nerison, who is Betancourt's supervisor, failed to intervene to help Cooper. (Cooper alleges that the officers were attempting to escort him to the health services unit for forced tube feeding even though he told him that he had made an agreement with the warden and Blount (the security director) to eat on his own.) The next day, Cooper told Betancourt that he was going to file an inmate complaint, and Betancourt filed a false conduct report against him for doing so. Blount failed to investigate Cooper's excessive force complaint despite promising to do so.

Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), I may apply Cooper's filing fee to only one of the two lawsuits that I have just identified on page 3, above.  Cooper will have to choose which lawsuit he wants the filing fee applied to, and that lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuit, Cooper must make a choice.  One option is to pursue the other lawsuit separately.  If Cooper chooses this option, then he will be required to pay a separate filing fee for the second lawsuit.

Alternatively, Cooper may choose to dismiss his other lawsuit voluntarily.  If he chooses that route, then he will not owe an additional filing fee.  A lawsuit dismissed voluntarily would be dismissed without prejudice, which means that Cooper would be able to re-file later, so long as he re-filed it before the statute of limitations has run.

Because it is not clear at this time which of the two lawsuits Cooper will pursue, I have not assessed the merits of any of Cooper's claims and I have not determined whether Cooper has provided fair notice of these claims in his complaint, as required by Rule 8 of the Federal Rules of Civil Procedure.  Once Cooper identifies the suit or suits he wants to continue to litigate, then I will screen the amended complaint as required under 28 U.S.C. § 1915A.  Because Cooper faces filing fees for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Cooper disagrees with the way I have grouped his claims or if he believes that I have left out claims he intended to assert or that I have included claims he did not intend to assert, then he may raise those objections, but he must still comply with this order and choose which of the lawsuits he wishes to pursue.  If he fails to do so, then I will dismiss all of his claims for his failure to prosecute them.

Finally, Cooper has filed a motion for reconsideration in which he contends that the court failed to rule on his request to use his release account funds to pay for copying, postage, and any witness fees.  In support, Cooper cites *State ex rel. Akbar v. Kronzer*, 2004 WI App 108, ¶¶ 2-4, 273 Wis.2d 749, 681 N.W.2d 280, in which a prisoner sought to use his release account to pay the cost of transcript preparation.  In *Akbar*, the Wisconsin Court of Appeals determined that under the Wisconsin Prisoner Litigation Reform Act (PLRA), prisoners may use release accounts to pay for all "fees or costs," and in disbursing those funds, courts should use the procedure in § 814.29(1m)(d).  *Id.* at ¶ 4.  However, this court has not found any case in which a federal court permitted a prisoner to pay litigation costs from a release account under the *federal* PLRA.  *Artis v. Meisner*, No. 12-cv-589, 2015 WL 5749785, at *6 (W.D. Wis. Sept. 30, 2015).  As the court observed in *Artis*,

> Unlike the Wisconsin PLRA, which addresses procedures to be followed when a prisoner wishes to bring a civil action without prepayment of 'fees or costs' generally, *see* Wis. Stat. § 814.29, the federal PLRA refers specifically to procedures to be followed when a prisoner wishes to bring a civil action 'without prepayment of fees or security therefor[.]'

> *Artis*, 2015 WL 5749785, *6 (citing 28 U.S.C. § 1915(a)(2)).

The federal PLRA says nothing about litigation costs, *id.*, and at least one Circuit Court of Appeals has noted that granting in forma pauperis status under § 1915 "does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs, 28 U.S.C. § 1915(f)(1); expert witness fees ...; or sanctions," *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n. 3 (3d Cir. 2009).  In any event, Cooper does not qualify for in forma pauperis status in this case.

In sum, there is no federal law permitting this court to order prison officials to allow plaintiff to use his release savings account to pay for litigation costs such as postage, copies, and witness fees. *See Artis*, 2015 WL 5749785, at *5-6 ("Absent some authority requiring the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons."); *Mosby v. Wommack*, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."). Accordingly, Cooper's motion for reconsideration and renewed request to use his release account to pay for litigation costs will be denied.

## ORDER

IT IS ORDERED that

1. Plaintiff Demetrius Cooper's motion to amend his complaint, dkt. 8, is GRANTED. Plaintiff's amended complaint, dkt. 15, is the operative pleading in this case.

2. Plaintiff may have until January 18, 2022 to identify for the court which numbered lawsuit identified above (Lawsuit 1 or 2) he wishes to proceed with under the case number assigned to this case. Plaintiff must pick one and only one of these lawsuits to proceed under case no. 21-cv-727-slc.

3. Also by January 18, plaintiff is to tell the court whether he wishes to pursue his other lawsuit under a separate case number, or whether he will dismiss it voluntarily. If plaintiff chooses to dismiss his other lawsuit voluntarily, then he will not owe a filing fee and he will be permitted to refile the dismissed claims later, so long as he complies with the statute of limitations. If plaintiff chooses to pursue his other lawsuit under a separate case number, then he will owe a separate filing fee.

4. Once plaintiff chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If plaintiff fails to respond to this order by January 18, then I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

5.  Plaintiff's motion for reconsideration and renewed request to use his release account funds to pay for litigation costs, dkt. 16, is DENIED.

6.  Plaintiff's motion to preserve evidence, dkt. 7, is DENIED WITHOUT PREJUDICE.

Entered this 16th day of December, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge