IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.

KAYLENE BETANCOURT, ERIC NERISON,
LUCINDA BUCHANAN, AND BONNIE ALT,

                Defendants.

OPINION AND ORDER

21-cv-727-slc

---

Pro se plaintiff Demetrius Cooper, who is incarcerated at Wisconsin Secure Program Facility, is proceeding on the following claims: (1) an Eighth Amendment claim that defendant Kaylene Betancourt used excessive force while restraining Cooper at the Columbia Correctional Institution on April 13, 2021, from which defendant Eric Nerison failed to protect him; (2) a First Amendment claim that Betancourt retaliated against him when he threatened to file a complaint; and (3) an Eighth Amendment deliberate indifference claim against defendants Nerison, Lucinda Buchanan, and Bonnie Alt for forcing Cooper to undergo tube feeding against his doctor's order and in disregard of his health and safety on April 13, 2021. *See* dkts. 20 and 41. Defendants have filed a motion for summary judgment as to these claims. Dkt. 51.

While that motion was being briefed, Cooper filed a letter requesting that the court reconsider its July 25, 2022 screening order to allow him to proceed on a Fourteenth Amendment due process claim related to the forced tube feeding. Dkt. 62. The court denied the request on the grounds that it was invalid because Cooper had named only correctional officers who did not administer any medical treatment and that it was too late to add new defendants. Dkt. 63.

1

On February 15, 2023, Cooper renewed his motion to reconsider, accurately pointing out that the court had erred in stating that defendants are all correctional officers.  Dkt. 72.  Recognizing the error, the court gave defendants until March 17, 2023 to file a response.  Dkt. 78.  On March 27, Cooper filed a letter requesting that his due process claim be deemed "uncontroverted" and "conceded."  Dkt. 86.  This prompted defendants to file a response in which they explained that their attorney failed to calendar the deadline and that they did not oppose Cooper's addition of a Fourteenth Amendment due process claim against defendant Alt, who was the medical provider who made the decision to administer medical treatment.  Dkt. 87.  Defendants also requested an opportunity to supplement their summary judgment brief.

For the reasons below, I will grant Cooper's motion for reconsideration of the July 2022 screening order to allow him to proceed on a Fourteenth Amendment due process claim against defendants Nerison, Buchanan, and Alt.  I am denying Cooper's motion to deem the new claim conceded.  The parties will be given an opportunity to supplement the summary judgment briefing to address whether the evidence in the record supports a Fourteenth Amendment due process claim.

## OPINION

Cooper alleges that even though Correctional Officer Eric Nerison, HSU Manager Lucinda Buchanan, and Nurse Bonnie Alt all knew that his doctor had ordered that he no longer be tube fed because he had agreed to drink and eat on his own, they continued tube feeding Cooper on April 13, 2021.  Dkt. 35 at ¶¶ 6-8, 38-46.  Specifically, he alleges that Nerison followed Alt's directive to bring him the HSU, where Alt carried out the tube feeding under a direct order from Buchanan.

As a general matter, "a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment," including "lifesaving hydration and nutrition." *Cruzan v. Director, Mo. Dept. of Health*, 497 U.S. 261, 278 (1990).  And the Supreme Court has held that prisoners retain a liberty interest in refusing forced medical treatment while incarcerated. *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019) (citing *Washington v. Harper*, 494 U.S. 210, 221-22, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (discussing right to refuse unwanted administration of psychotropic medication)); *Ruiz v. Boughton*, No. 18-cv-1030-jdp, 2019 WL 415341, at *2 (W.D. Wis. Feb. 1, 2019); *Davis v. Piller*, No. 14-cv-687-jdp, 2019 WL 367639, at *3 (W.D. Wis. Jan. 30, 2019); *Knowlin v. Wurl-Koth*, No. 09-cv-531-wmc, 2010 WL 3584426, at *6 (W.D. Wis. Sept. 9, 2010), *aff'd* 420 F. App'x 593 (7th Cir. 2011).  However, "at some point, a prisoner's refusal of medical treatment might turn suicidal and require the prison's intervention." *Keepers v. Tapio*, No. 20-cv-1306-bhl, 2020 WL 5877671, at *2 (E.D. Wis. Oct. 2, 2020) (citing *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005); *Sanville v. McCaughtry*, 266 F.3d 724, 729-34 (7th Cir. 2001)); *see also Freeman v. Berge*, 441 F.3d 543, 546 (7th Cir. 2006) (at some point, a jail may have to force feed a prisoner to prevent the inmate from seriously endangering his or her health).

Cooper's allegations are sufficient to state a Fourteenth Amendment due process claim against defendants Buchanan and Alt, who allegedly had a direct role in Cooper's medical care and treatment and the decision to force feed Cooper on the day in question.  It is unlikely Cooper can prevail on a due process claim against Nerison, who is not a medical provider and had no role in administering treatment to Cooper.  However, given the fact that Cooper is already proceeding on a claim that Nerison acted with deliberate indifference to Cooper's health

3

and safety, I will allow the parties to address Nerison's possible liability under the Fourteenth Amendment.

Accordingly, I am granting Cooper's motion to reconsider the screening order to allow him leave to proceed on a due process claim against defendants Nerison, Buchanan, and Alt. I am denying Cooper's motion to deem the due process claim "uncontroverted and conceded." I will allow the parties an opportunity to supplement their legal argument to address the new claim, based on the facts already in the record.

### ORDER

IT IS ORDERED that

1. Plaintiff's motion to reconsider the court's July 2022 screening order, dkt. 72, is GRANTED.

2. In addition to the claims identified in this court's previous screening orders, *see* dkts. 20 and 41, plaintiff is GRANTED leave to proceed with a Fourteenth Amendment due process claim that defendants Eric Nerison, Lucinda Buchanan, and Bonnie Alt forced plaintiff to undergo unwanted tube feeding against a doctor's order on April 13, 2021. Plaintiff is DENIED leave to proceed on any other claim in the third amended complaint.

3. Plaintiff's motion that his Fourteenth Amendment claim be deemed uncontroverted and conceded, dkt. 86, is DENIED.

4. Defendants shall have until **May 12, 2023** to supplement their legal briefing on their motion for summary judgment to address the claim. Plaintiff shall have until **May 26, 2023** to respond.

Entered this 10th day of April, 2023.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge